RuyfiN. Judge.
 

 The principle assumed in the bill is, that the delay or refusal of the creditor to sue the principal debtor, after request of the surety, discharges the latter. This position is inore than questioned by the court. The very contract of the surety is, that the prin-ciphl will pay ; and dispenses with active diligence on the part of the creditor, • who ought not to be bound to incur the expense and trouble of litig’ation. for the relief of the surety : since the latter, by performing the contract on his part, namely, by payment, may immediately have, in Ids own name, and under his own control, all the remedies which the law gave to the creditor himself. The question is nothing more than this : which of the two shall bear the burden of bringing and conducting a suit ? And surely he, for whose benefit, and at whose instance it is instituted, cannot complain that the task is imposed on him — especially as he has undertaken with the creditor, to answer for the acts of the debtor.
 

 But the court will leave that point undecided, since the plaintiff has not brought his case within his own principle, and the authorities from which it is drawn. For clearly, if the creditor be bound to bring an action on the request of the surety, the rights of the creditor are not impaired, unless the party has received prejudice. There must be
 
 laches
 
 of the creditor, and consequent loss to the surety. And this loss ouglitto be clearly proved by the plaintiff. So far from this being done here, the proof isi the cause is distinct, that
 
 McKinnic
 
 was insolvent at the time the bond was given — much more when the intestate was requested to. bring suit.
 

 Pjsji Curiam. — lina, dismissed-.